VIRGINIA:

## IN THE CIRCUIT COURT FOR THE CITY OF RICHMOND

TYREE JOHNSON,         )
                  )
    Plaintiff,       )
                  )
v.                )    Case No. CL22005367-00
                  )
SHENG LIU, *et al.*,    )
                  )
    Defendants.   )

RECEIVED AND FILED
CIRCUIT COURT
MAR 3 0 2023
EDWARD F. JEWETT, CLERK
BY_____D.C.

## DEFENDANT FLIXBUS, INC.'S
## DEMURRER, ANSWER AND AFFIRMATIVE AND OTHER DEFENSES

COMES NOW the Defendant, FLIXBUS, INC. ("Defendant" or "this Defendant" or "FlixBus"), by and through counsel, Franklin & Prokopik, PC, and hereby files its Demurrer, Answer and Affirmative and Other Defenses to Plaintiff's Complaint, respectfully stating as follows:

### DEMURRER

Defendant demurs to Plaintiff's Complaint on the grounds that it fails to state a claim against this Defendant. Plaintiff's claims arise from a motor vehicle accident ("the subject accident") wherein he was rear-ended by a passenger bus operated by Defendant Sheng Liu. (*See, generally*, Complaint). The only factual allegations advanced concerning FlixBus are:

(1) that FlixBus "has regularly and systematically transacted substantial business in Virginia" (Complaint, ¶ 7);

(2) that FlixBus – and Defendant QQ Bus – "organized, conducted, promoted, managed, and/or operated interstate passenger carriers" (Complaint ¶ 14);

(3) that FlixBus – and Defendant QQ Bus – "<u>organized, conducted, promoted, managed,</u> <u>and/or operated</u> the bus driven by [Co-Defendant] Liu" on the date of the subject accident (Complaint ¶ 15).

Based solely on the three aforementioned allegations, Plaintiff concludes that FlixBus "is liable for the harm caused by Liu's wrongful acts and omissions…under the law of vicarious liability, agency liability, and *respondeat superior* liability and other principles of law" (Complaint, ¶ 22).

Plaintiff does not allege that Liu was an employee of FlixBus. To the contrary, Plaintiff affirmatively alleges that Liu "was an agent/employee of QQ Bus" and was "operating the bus in the course and scope" of that employment with QQ Bus (Complaint, ¶¶ 12-13). Plaintiff alleges no agency relationship between Liu and FlixBus, nor does she allege that FlixBus exercised any control or right to control Liu. Therefore, there is no basis to hold FlixBus responsible for the allegedly negligent acts and/or omissions of Liu.

Moreover, vague and ambiguous allegations that FlixBus "organized, conducted, promoted, managed, and/or operated" the bus involved in the subject accident are insufficient to maintain a claim for negligence (under *any* direct or indirect theory of liability). It is not entirely clear what is meant by "organizing," "conducting," or "managing" a bus, and Plaintiff already alleged that Defendant Liu – as an employee of Defendant QQ Bus – was *operating* the vehicle at the time of the subject accident. Finally, to the extent FlixBus is alleged to have "promoted" (which presumably, in this context, means "advertised") the bus, there still is no basis in the law to impose liability against FlixBus.

Defendant reserves the right to file a brief in support of its Demurrer pursuant to Rule 4:15 of the Rules of the Supreme Court of Virginia.

WHEREFORE, for the reasons set forth above and for those reasons that may be set forth in a forthcoming brief in support and oral argument thereon, Defendant, FLIXBUS, INC., respectfully requests that this Honorable Court sustain its Demurrer and dismiss Plaintiff's Complaint against it, in its entirety, with prejudice.

## ANSWER

The first, unnumbered paragraph of the Complaint is an introductory paragraph to which no response is required. To the extent a response is deemed required, all allegations therein are denied, and Defendant demands strict proof thereof. Defendant denies that it is indebted to Plaintiff in any amount.

1.      The allegations set forth in Paragraph 1 of the Complaint are admitted upon information and belief.

2.      The allegations set forth in Paragraph 2 of the Complaint are admitted upon information and belief.

3.      The allegations set forth in Paragraph 3 of the Complaint are admitted upon information and belief.

4.      The allegations set forth in Paragraph 4 of the Complaint are admitted upon information and belief.

5.      Defendant lacks sufficient information to admit or deny the allegations set forth in Paragraph 5 of the Complaint and therefore denies the same and demands strict proof thereof.

6.      The allegations set forth in Paragraph 6 of the Complaint are denied and Defendant demands strict proof thereof.

7.      The allegations set forth in Paragraph 7 of the Complaint are denied and Defendant demands strict proof thereof.

## BACKGROUND

8.    Defendant lacks sufficient information to admit or deny the allegations set forth in Paragraph 8 of the Complaint and therefore denies the same and demands strict proof thereof.

9.    Defendant lacks sufficient information to admit or deny the allegations set forth in Paragraph 9 of the Complaint and therefore denies the same and demands strict proof thereof.

10.    Defendant lacks sufficient information to admit or deny the allegations set forth in Paragraph 10 of the Complaint and therefore denies the same and demands strict proof thereof.

11.    Defendant lacks sufficient information to admit or deny the allegations set forth in Paragraph 11 of the Complaint and therefore denies the same and demands strict proof thereof.

12.    The allegations set forth in Paragraph 12 of the Complaint are admitted upon information and belief.

13.    The allegations set forth in Paragraph 13 of the Complaint are admitted upon information and belief.

14.    The allegations set forth in Paragraph 14 of the Complaint are denied and Defendant demands strict proof thereof.

15.    The allegations set forth in Paragraph 15 of the Complaint are denied and Defendant demands strict proof thereof.

16.    The allegations set forth in Paragraph 16 of the Complaint are admitted upon information and belief.

17.    The allegations set forth in Paragraph 17 of the Complaint are admitted upon information and belief.

## NEGLIGENCE

18.     The allegations set forth in Paragraph 18 of the Complaint are not directed toward this Defendant and constitute conclusions of law. Therefore, no response is required. To the extent a response is deemed required, Defendant admits only that Liu owed those duties as required under the laws of the Commonwealth of Virginia.

19.     Defendant lacks sufficient information to admit or deny the allegations set forth in Paragraph 19 of the Complaint and therefore denies the same and demands strict proof thereof.

20.     Defendant lacks sufficient information to admit or deny the allegations set forth in Paragraph 20 of the Complaint and therefore denies the same and demands strict proof thereof.

21.     The allegations set forth in Paragraph 21 of the Complaint are not directed toward this Defendant and constitute conclusions of law. Therefore, no response is required. To the extent a response is deemed required, Defendant admits only that QQ Bus's liability, if any, is determined by the laws of the Commonwealth of Virginia.

22.     The allegations set forth in Paragraph 22 of the Complaint are denied and Defendant demands strict proof thereof.

23.     The allegations set forth in Paragraph 23 of the Complaint are denied and Defendant demands strict proof thereof.

The remaining, unnumbered paragraph of the Complaint sets forth an *ad damnum* prayer for relief to which no response is required. To the extent a response is deemed required, all allegations set forth therein are denied and Defendant demands strict proof of each element of damages claimed, as required by law. Defendant denies that Plaintiff is entitled to pre- or post-judgment interest or costs.

All allegations whether explicit or implicit not specifically admitted herein are hereby denied.

Defendant reserves the right to amend this Answer as discovery and trial proceed.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

Plaintiff has failed to state a claim upon which relief may be granted. See Demurrer, supra.

### SECOND DEFENSE

This Court, and any court in the Commonwealth, may lack personal jurisdiction over Defendant.

### THIRD DEFENSE

Defendant denies that it was negligent and/or breached any duty to Plaintiff, and further denies that any act and/or omission of Defendant caused and/or contributed to Plaintiff's alleged injuries and damages.

### FOURTH DEFENSE

Defendant Sheng Liu was not an employee, agent, or servant of Defendant and Defendant had no control or right to control the actions of Sheng Liu. Accordingly, Defendant cannot be held vicariously liable for any of Liu's alleged acts or omissions.

### FIFTH DEFENSE

Plaintiff was not injured as alleged, and there is no basis for awarding damages against Defendant under the facts and circumstances set forth in the Complaint.

## SIXTH DEFENSE

Plaintiff's claims may be barred by his own sole or contributory negligence which negligence was a proximate cause of his alleged injuries and damages.

## SEVENTH DEFENSE

Plaintiff's alleged injuries and damages were caused by the acts and omissions of third parties over which Defendant exercised no control or right to control.

## EIGHTH DEFENSE

Plaintiff's injuries and damages are the result of preexisting injuries, illnesses, or conditions

## NINTH DEFENSE

Plaintiff may have failed to mitigate his damages.

## TENTH DEFENSE

Defendant reserves the right to assert such other affirmative and other defenses as discovery or trial in this case discloses a basis therefore.

WHEREFORE, having fully responded to Plaintiff's Complaint, Defendant FLIXBUS, INC. respectfully moves this Court to enter judgment in Defendant's favor, to dismiss this action with prejudice, to award costs, and for such additional relief as the Court deems proper.

### JURY DEMAND

Defendant requests a jury trial in this matter.

Respectfully submitted this 29th day of March, 2023.

FLIXBUS, INC.
By Counsel

Jason P. King, Esq. (VSB # 88260)
Lindsey A. Lewis, Esq. (VSB #73141)
FRANKLIN & PROKOPIK, P.C.
5516 Falmouth Street, Ste. 203
Richmond, Virginia 23230
Telephone: (804) 932-1996
Facsimile: (804) 403-6007
llewis@fandpnet.com
*Counsel for Defendant FlixBus, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served *via* U.S. Mail, first-class, postage

prepaid, on this 29th day of March, 2023, upon:

Amy S. Whitelaw, Esq.
Monge & Associates
397 Little Neck Road
3300 Building, Suite 215
Virginia Beach, Virginia 23452
amy@monge.lawyer
*Counsel for Plaintiff*

Eric M. Persian, Esq.
Sheridan, Persian & Associates, PLLC
9842 Business Way
Manassas, Virginia 20110
epersian@dsp-law.com
*Counsel for Defendants*
*Sheng Liu and QQ Bus Line Corporation*

Jason P. King

8